**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| Shawn L. Harris,         : | |
| :                        | Civil Action No. 15cv574(RMB) |
| Plaintiff,    : | |
| :                        | |
| v.            : | **MEMORANDUM, OPINION AND ORDER** |
| :                        | |
| County of Atlantic et al,: | |
| :                        | |
| Defendants.   : | |

**BUMB**, District Judge:

On January 28, 2015, the Clerk received Plaintiff's filing, written on two forms: (1) an Application to Proceed In Forma Pauperis (IFP application) and (2) a prisoner civil rights complaint form. Plaintiff's filing purported to be a "Petition for Removal," a "Writ of Habeas Corpus," as well as a civil rights complaint, an admiralty and maritime action, and various incomprehensible affidavits and other documents. (Doc. No. 1.) Also attached to the filing is a certified prisoner trust fund account statement from Atlantic County Jail. (Doc. No. 1-2.)

It appears that Plaintiff wishes to proceed without prepaying a filing fee, but his IFP application is not properly completed, as required under 28 U.S.C. § 1915. 28 U.S.C. § 1915 requires a prisoner who seeks to proceed without prepaying

1

filing fees to complete an affidavit of poverty and to submit his or her certified prison trust fund account statements. Plaintiff submitted the account statements but did not complete the affidavit of poverty required by 28 U.S.C. § 1915(a)(1). Plaintiff will be given the opportunity to correct this deficiency by filing a new IFP application.  Plaintiff should answer each question on the form, to the best of his ability, and shall not assert any legal claims on the IFP application.

I.   DISCUSSION

The Court must dismiss this case because it is not entirely clear what Plaintiff is seeking.  If Plaintiff is seeking to bring more than one type of case, for example, a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking release from pretrial detention, **and** a Civil Rights Complaint under 42 U.S.C. § 1983, seeking money damages, he must do so in separate cases.  If Plaintiff seeks to proceed without prepaying the filing fees, each case should be accompanied by the proper IFP application.

Plaintiff's filing indicates that he is detained in Atlantic County Jail, after being arrested on October 14, 2014. (Compl. at 6.)  It appears that Plaintiff seeks to be released **and** to be paid money damages for the time he spent in jail. (Id. at 7.)  A prisoner, however, cannot seek release by bringing a civil rights complaint under 42 U.S.C. § 1983.

2

Release from state pretrial detention is only available through a habeas proceeding. Wallace v. Fegan, 455 F. App'x. 137 (3d Cir. 2011).

If Plaintiff is seeking money damages based on his allegedly unconstitutional arrest, he will be allowed to renew this case by correcting the deficiencies in his filings. When a prisoner, including a pretrial detainee, files a civil rights complaint without paying the entire filing fee, he must still pay the fee in installments when he is granted IFP status. McGeachy v. Aviles, No. CIV. 10-3562 JLL, 2011 WL 1885938, at *1 (D.N.J. May 18, 2011). The installment payments will be collected even if the complaint is dismissed upon summary review by the Court. Id. (citing 28 U.S.C. § 1915(e)(2)(B)). A prisoner's civil rights complaint will be dismissed, without first serving the defendants and ordering an answer, if a claim is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

If Plaintiff chooses to refile a civil rights complaint, he should take heed of Federal Rule of Civil Procedure 8(d), which provides, "[e]ach allegation must be simple, concise, and direct." It would be helpful for Plaintiff to number each sentence of the complaint, with each sentence stating a fact that explains what a particular defendant did that violated

3

Plaintiff's federal constitutional rights or a federal law. See Rode v. Dellarciprete, 845 F.2d 1195, 1208 (3d Cir. 1988)("a defendant in a civil rights action must have personal involvement in the alleged wrongs")(citing Parratt v. Taylor, 451 U.S. 527, 537 n. 3 (1981)). A civil rights complaint is generally adequate when it states the time, place, and persons responsible for the alleged wrongs. Id. (citing Boykins v. Ambridge Area School District, 621 F.2d 75, 80 (3d Cir. 1980)).

As a state pretrial detainee, the proper way to seek release by this Court is by filing a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] See Robertson v. Allegheny Court of Common Pleas, Civil Action No. 12-1080, 2012 WL 4712034, at *2 (W.D.Pa. Aug. 22, 2013)("[w]hen an individual is in state custody for reasons other than a judgment of a state court, such as in pretrial detention, a petition for a writ of habeas corpus is properly brought pursuant to 28 U.S.C. § 2241" (citing Moore v. DeYoung, 515 F.2d 437, 441-43 (3d Cir. 1975)); 1-5 R. Hertz & J. Liebman Federal Habeas Practice and Procedure § 5.3 n. 6 (Nov. 2011) (collecting cases)). If Plaintiff seeks such relief, he must file a habeas petition separate from his § 1983 civil rights complaint. A federal court may issue a writ

---

[1] The filing fee for a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is five dollars. If Plaintiff does not have $5.00, he may submit a properly completed form "Prisoner Applying To Proceed In Forma Pauperis In A Habeas Corpus Case." This form will be supplied to him by the Clerk of Court.

4

of habeas corpus to a pretrial detainee who "is in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c)(3).

Before this Court will ordinarily consider a state pretrial detainee's habeas claims, however, the petitioner must first exhaust his state court remedies. Robertson, 2012 WL 4712034, at *2 (citing Lines v. Larkin, 208 F.3d 153, 159 (3d Cir. 2000)). This means he must present his federal constitutional claims to the state courts, and allow the state courts to address the claims before proceeding in federal court. Baldwin v. Reese, 541 U.S. 27, 29 (2004). The purpose of this requirement is to preserve the role of state courts in protecting federally guaranteed rights. Id. (citing Duncan v. Henry, 513 U.S. 364, 365 (1995)(per curiam)). Federal constitutional claims must be fairly presented to the state courts, including the highest state court (a state supreme court with powers of discretionary review) before the claim is exhausted. Id. (citing Duncan, 513 U.S. at 364-65.) If a habeas claim is unexhausted, a federal habeas court will typically dismiss the claim without prejudice, to allow the petitioner to first exhaust his claims in state court. Robertson, 2012 WL 4712034, at *3 ("where state court remedies are unexhausted, 'principles of federalism and comity require district courts to abstain from enjoining pending state criminal

proceedings absent extraordinary circumstances.'")(quoting Younger v. Harris, 401 U.S. 37 (1981)). With this guidance, Plaintiff may wish to exhaust his state remedies before filing a separate Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.

    IT IS, therefore, on this **19th** day of **February 2015**,

    **ORDERED** that the Clerk shall administratively terminate this matter by making a new and separate entry reading, "CIVIL CASE TERMINATED." Such termination shall be subject to reopening in the event Plaintiff timely submits a properly executed IFP application; and no statement in this Memorandum, Opinion and Order shall be construed as withdrawal of this Court's jurisdiction over this matter; and it is further

    **ORDERED** that Plaintiff may renew his application in this matter by submitting, within thirty days from the date of entry of this Memorandum, Opinion and Order, a properly executed IFP application for a prisoner civil rights case; and he may accompany that submission with a new "Prisoner Civil Rights Complaint" completed in accordance with the guidance provided herein; and it is further

    **ORDERED** that in the event Plaintiff also elects to file a Petition For Writ of Habeas Corpus Under 28 U.S.C. § 2241, he shall submit, in an entirely separate action, a properly executed "Prisoner Applying To Proceed In Forma Pauperis In A

Habeas Corpus Case", together with a "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241"; and it is further

**ORDERED** that the Clerk shall serve this Memorandum, Opinion and Order upon Plaintiff by regular U.S. Mail, together with the following blank forms:  "Prisoner Applying To Proceed In Forma Pauperis In A Civil Rights Case"; "Prisoner Civil Rights Complaint"; "Prisoner Applying To Proceed In Forma Pauperis In A Habeas Corpus Case"; and "Petition For Writ of Habeas Corpus Under 28 U.S.C. § 2241."

<u>s/Renée Marie Bumb</u>
**RENÉE MARIE BUMB**
**UNITED STATES DISTRICT JUDGE**